United States District Court
District of Connecticut
FILED AT HARTFORD

January 29, 2004
Kevin F. Rowe, Clerk
By: [signature]
     Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID MASTRIANNI<br>Plaintiff, | : <br>: <br>: | CIVIL ACTION NO:<br>3:02 CV 22611(CFD) |
| BAYER CORPORATION; and BAYER<br>CORPORATION DISABILITY PLANS<br>Defendants. | : <br>: <br>: <br>: | JUNE 25, 2003 |

## FIRST AMENDED COMPLAINT

### Jurisdiction

1. This action is brought pursuant to the Employee Retirement and Income Security Act, 29 U.S.C. 1001 § et seq. (hereinafter, "ERISA").

2. Jurisdiction of this action is conferred by the existence of a controversy arising under ERISA, 29 U.S.C. Sec. 1132, 28 U.S.C. § 1343(4) and 29 U.S.C. §§ 216(b), 626(c)(1) and the existence of a controversy arising under the laws of the United States, 28 U.S.C. 1331.

3. Venue is proper in this district pursuant to 29 U.S.C. Sec. 1132 and 28 U.S.C. 1391 (b) and (c).

### Parties

4. Plaintiff David Mastrianni (hereinafter, "Plaintiff") is a resident of the Town of

Plantsville, State of Connecticut.

5. Defendant Bayer Corporation Disability Plans (the "Plan") is a welfare benefit plan under ERISA.

6. Defendant Bayer Corporation (hereinafter, the "Administrator") is the administrator of the Plan.

## Claims

7. Plaintiff was employed by Bayer Corporation as a Human Resources Representative, primarily in the area of training employees on the factory floor of the facility in which he worked and at a computer.

8. The material duties of the position included lifting, computer work, and considerable extended walking and sitting and climbing stairs.

9. Plaintiff starting suffering back pain approximately seven years ago, while undergoing chemotherapy and radiation therapy for treatment of Hodgkin's Lymphoma.

10. Plaintiff's back condition has grown progressively worse.

11. Because of his back condition, plaintiff was and is incapable of performing the lifting, physical activity, walking, standing and computer work required by his job.

12. Due his disability, plaintiff was unable to perform his job full time from August 2001 through March 2002, but tried to work part-time during this period. Plaintiff received his full pay during the period, with the difference between his actual part-time earnings being made up with continuing short-term disability benefits.

13. For approximately the last two years of his work, plaintiff's physician

recommended that plaintiff go out on total disability.

14. In early March 2002, plaintiff became unable to perform his job on even a part-time basis, and plaintiff's physicians decided that due to his physical condition, he was totally disabled.

15. Plaintiff was disabled on March 18, 2002. He had been certified as disabled by CORE, the third party administrator acting on Bayer's behalf in administering its disability plan, March 18, 2002.

16. Plaintiff's right to receive disability benefits vested upon the commencement of his receipt of these benefits in August 2001.

17. In the alternative, plaintiff's right to receive disability benefits vested when he was certified as totally disabled on March 18, 2002 by the Plan's third party administrator.

18. On March 19, 2002, plaintiff came to work intending to give notice that he was that day going out on disability.

19. After he arrived at work, plaintiff learned he had been laid off from his job in a reduction in force.

20. On or about June 3, 2002, plaintiff executed a separation agreement. Plaintiff did not intend by executed the agreement to release any claim for disability benefits.

21. The Plan's only procedure for filing a claim involved the administrator of the short-term disability insurer transmitting the file to the administrator of the long-term disability policy. The Plan contained no procedure for filing a claim initiated by a claimant.

22. On or about October 1, 2002, plaintiff submitted a request for continuation of the

short-term disability benefits he had been receiving.

23. Defendants received the claim on or about October 8, 2002.

24. Pursuant to 29 C.F.R. § 2560.503-1(f)((3), defendants were required to notify plaintiff of any adverse benefit decision within forty-five days of receipt of the claim.

25. In a letter dated December 19, 2002, defendants' third party administrator, Kemper Insurance Companies, informed plaintiff's counsel by letter that it could not process plaintiff's claim on grounds that plaintiff was no longer an employee of the Bayer Corporation. Plaintiff's counsel received the letter the same day that the instant lawsuit was filed.

26. Because defendants did not contest plaintiff's disability during the administrative appeals process, the Court should apply a de novo standard of review to the benefit decision at issue in this case.

27. Plaintiff is entitled to disability benefits under the Defendant Plan.

28. Plaintiff has exhausted the administrative remedies available under the Plan.

29. Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), Plaintiff hereby makes a claim for benefits under the Plan.

**Prayer for Relief**

Plaintiff hereby seeks the following relief from this court:

a.  An order compelling defendant to pay benefits due under the Plan.

b.  Attorneys' fees and costs.

c.  Such other and further relief as the Court deems proper.

4

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
2252 MAIN STREET – GLASTONBURY, CONNECTICUT 06033 – (860) 659-0700 – JURIS NO. 413634

PLAINTIFF

By: _____
David S. Rintoul (ct#08456)
BROWN, PAINDIRIS & SCOTT
2252 Main Street
Glastonbury, CT 06033
(860) 659-0700

5

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
2252 MAIN STREET – GLASTONBURY, CONNECTICUT 06033 – (860) 659-0700 – JURIS NO. 413634