UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

DAVID MASTRIANNI,                    :
                                     :
        Plaintiff,                   :    Civil Action No. 3:02 CV 2261 (CFD)
                                     :
v.                                   :
                                     :
BAYER CORPORATION, *et al.*          :    April 15, 2004
                                     :
        Defendants.                  :

### ANSWER TO FIRST AMENDED COMPLAINT

Bayer Corporation ("Bayer") and the Bayer Corporation Disability Plans ("the Plan"), collectively referred to below as "defendants," answer the First Amended Complaint filed by plaintiff as follows:

1.      Defendants admit only so much of paragraphs 1 through 3 of the Amended Complaint as avers that this action is brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*. By way of further answer, defendants do not dispute that this Court has subject matter jurisdiction based upon a federal question or that venue is appropriate within this District Court.

2.      Defendants admit paragraphs 4-6, and 19 of the Amended Complaint in their entirety, but qualifies the admission to paragraph 19 by noting that the referenced notification was also made on March 19, 2002.

3.      Bayer admits only so much of paragraph 7 of the Amended Complaint as avers that plaintiff was employed by Bayer and that, at times during his employment, his duties

involved both training employees at the facility and work on a computer.

    4.    Defendants deny the averments of paragraph 8 of the Amended Complaint as stated. By way of further answer, defendants admit that the physical demands associated with plaintiff's position during the relevant time period included lifting, ability to perform work on a computer, walking, sitting, and climbing stairs.

    5.    Defendants are without sufficient knowledge or belief to admit or deny the averments contained in paragraph 9 of the Amended Complaint.

    6.    Defendants deny the averments of paragraph 12 of the Amended Complaint as stated. By way of further answer, defendants admit only that plaintiff worked part time from 2001 until March 2002, but qualifies that admission by stating that plaintiff's part time work began in September 2001. Defendant also admits that, through a combination of pay and short-term disability payments, plaintiff received the equivalent of full time pay during this period.

    7.    Bayer admits only so much of paragraph 20 of the Amended Complaint as avers that plaintiff executed a separation agreement on June 3, 2002.

    8.    Defendants deny the averments of paragraph 22 and 23 of the Amended Complaint as stated. By way of further answer, defendants admit only that plaintiff, through his attorney, forwarded a letter dated October 1 or 2, 2002 addressed to the Plan referencing a "claim for long-term disability benefit on behalf of David Mastrianni, claiming benefits for the period commencing October 2, 2002," which letter was received by Bayer on or about October 8, 2002.

    9.    In response to paragraph 25 of the Amended Complaint, defendants admit only that Kemper responded to the purported claim for disability benefits by letter dated December 19, 2002, which letter speaks for itself.

    10.    Except as admitted expressly above, defendants deny each and every averment of

fact and conclusion of law in the Amended Complaint.

### *Affirmative Defenses*

11.     Plaintiff executed a Separation Agreement and General Release ("Agreement") on June 3, 2002, a true and correct copy of which is attached to defendants' initial Answer as Exhibit 1.  Based upon that Agreement, plaintiff's current claims are barred by release.

12.     In a transmittal letter accompanying the Agreement, plaintiff was notified: "Your participation in the Disability plan will end on your last actual day of work."  A true and correct copy of the transmittal letter is attached to defendants' initial Answer as Exhibit 2.  Prior to signing the Agreement, plaintiff, through his counsel, requested a modification of the Agreement to preserve the very claims that he now raises in his Amended Complaint.  That request was denied in writing by Bayer, which writing informed plaintiff that any alleged disability claims would be barred in the event plaintiff elected to sign the Agreement.  True and correct copies of plaintiff's requests and Bayer's responses are attached to defendants' initial Answer as Exhibits 3 through 7.  With that knowledge, plaintiff knowingly and voluntarily waived his disability claim in exchange for 26 weeks of pay under Bayer's severance plan.  Under the totality of the circumstances, plaintiff's current claims are barred by waiver.

13.     At the time plaintiff requested Plan benefits, he was neither a participant nor beneficiary as defined by ERISA.  He therefore lacks standing to pursue a claim under Section 502 of ERISA, 29 U.S.C. § 1132.

14.     Plaintiff's Plan benefits were denied for a reason that was neither arbitrary nor capricious.

Respectfully submitted,

DEFENDANTS
BAYER CORPORATION and BAYER
CORPORATION DISABILITY PLANS

By: _____
Stephen B. Harris, ct13125
Wiggin and Dana, LLP
One Century Tower
265 Church Street
New Haven, Connecticut 06510
(203) 498-4400

OF COUNSEL:

William J. Klemick, Pa. Bar No. 51688
Bayer Corporate and Business Services LLC
100 Bayer Road
Pittsburgh, PA 15205-9741
(412) 777-8304

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to First Amended Complaint was served by U.S. certified mail, return receipt requested, this 15th day of April, 2004, upon the following counsel:

>David S. Rintoul, Esquire
>Brown Paindris & Scott, LLP
>The Old Town Hall
>2252 Main Street
>Glastonbury, CT 06033

_____
Stephen B. Harris

\11400\41\459170.1