IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID MASTRIANNI | : | CIVIL ACTION NO: |
| Plaintiff, | : | 3: 02 CV 2261 (CFD) |
| | : | |
| | : | |
| BAYER CORPORATION and BAYER | : | |
| CORPORATION DISABILITY PLANS | : | APRIL 7, 2005 |
| Defendants. | : | |

## LOCAL RULE 56(a)2 STATEMENT OF UNDISPUTED FACTS

David Mastrianni, referred to below as "plaintiff," sets forth this response to defendants' Local Rule 56(a)(1) statement, and his Local Rule 56(a)(2) statement.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. Plaintiff had the right to accept the severance pay and give up whatever legal claims were validly released in the severance agreement. (Defendant's Exhibit 5 at p. 1-3, ¶¶ 3&5).

16. Denied. Plaintiff only released claims validly released in the severance agreement. (Defendant's Exhibit 5 at p. 1-3, ¶¶ 3&5).

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. As regards Paragraph 26, insofar as the defendant alleges that the plaintiff signed the Agreement knowing that Bayer had refused to modify the language of the Agreement as requested by his attorneys "carving out" coverage for LTD benefits, said paragraph is admitted.

Plaintiff denies that he understood that Bayer did not believe he was entitled to LTD benefits. (Exhibit 2, Mastrianni depo. at pp.54, 56-59).

27. Admitted.

### Disputed Issues of Material Fact

1. Did Mastrianni's entitlement to disability benefits vest when he became disabled prior to the termination of his employment? Defendants' Exhibit C, page Dis 2.

2. Did the Separation Agreement apply to claims for vested benefits? Defendant's Exhibit 5, pp. 1 – 4.

3. Did Defendants' counsel ever clarify the applicability of the Separation Agreement to any claim for disability benefits? Defendants' Exhibit 8.

4. Did Mastrianni's counsel state that the unamended Separation Agreement did not apply to Mastrianni's claim for disability benefits? Defendants' Exhibit 7, page 2.

5. Did Mastrianni intend to release his right to continue receiving disability benefits at the time he signed the Separation Agreement? Plaintiff's Deposition, attached hereto, at 28 – 29, 39, 40, 42 – 43, 44, 45.

6. Was Mastrianni's execution of the Separation Agreement a voluntary and knowing waiver of his right to continue receiving disability benefits? Defendants' Exhibit 5, pp. 1 – 4; Plaintiff's Deposition, attached hereto, at 28 – 29, 39, 40, 42 – 43, 44, 45.

PLAINTIFF,
DAVID MASTRIANNI

By _____
David S. Rintoul (ct#08456)
BROWN, PAINDIRIS & SCOTT
2252 Main Street
Glastonbury, CT 06033
Ph (860) 659-0700
Fax (860) 659-8292

### CERTIFICATION

The undersigned certifies that a copy of the foregoing was sent April 8, 2005, certified mail, postage prepaid, to:

William J. Albinger, Esq.
Wiggin & Dana
One Century Tower
265 Church Street, P.O. Box 1832
New Haven, CT 06508-1832

_____
David S. Rintoul

-4-