## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

DAVID MASTRIANNI,    :
   Plaintiff     :
           :
v.          :
           :  Civil Action No. 3:02 CV 2261(CFD)
BAYER CORPORATION and  :
BAYER CORPORATION   :
DISABILITY PLANS,    :
   Defendants.    :

## RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff David Mastrianni brought this action against his former employer, Bayer

Corporation and the Bayer Corporation Disability Plans (collectively referred to as "Bayer").  He

seeks recovery of disability benefits that he claims are owed to him after his employment was

terminated as part of a reduction-in-force.  Mastrianni claims that Bayer's denial of disability

benefits violates the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et.*

*seq*. ("ERISA").  Bayer has moved for summary judgment with the principal argument that

Mastrianni waived his right to seek disability benefits and sue under ERISA.  For the following

reasons, that motion is granted.

I.  **Background**[1]

David Mastrianni was employed by Bayer as an employee trainer in the Human

Resources Department.  He developed back problems in 1996, which continued to worsen in the

---

[1]The following information is taken from the parties Loc. Civ. R. Pro. 56(a)(1) and (2)
statements of undisputed facts and related materials.

following years.  In August 2001, Mastrianni was approved for short term disability benefits,

allowing him to work part-time and receive payment for the time he missed from work.   He

ceased receiving short term disability payments on March 18, 2002.  He returned to work on that

date, but maintains that he had intended to seek long term disability benefits, and to inform Bayer

of that on March 19.

Bayer's Disability Plans provide employees with short and long term disability ("STD"

and "LTD", respectively) benefits to employees who cannot work because of illness or injury.

The Disability Plan provides in section 3.4 that:

> [A] Participant will remain a Participant until the first to occur of the date: (1)
> coverage ceases under the terms of the Benefit Descriptions, (2) the Participant
> ceases to be actively employed in an employment status covered by the Plans
> unless such Participant is on leave under (i) the Family and Medical Leave Act of
> 1993 or other unpaid leave of absence (for up to four months) approved by an
> Employer or (ii) the Short-term Disability Plan, or (3) the Participant is no longer
> in the group of Employees covered by the Plans.

(Plan, p.5).[2]  Bayer also provides a severance pay plan through the Bayer Corporation Severance

Pay Plan (the "Plan") for employees whose employment ends when his or her position is

eliminated.  In order to receive benefits, an employee must sign a Separation Agreement and

---

[2] Both parties agree that the summary plan description of the Plan provided that eligibility
for short and long term disability benefits ended when an employee was terminated or stopped
working.  (56(a) statements, ¶¶ 4 & 5).  Although this may be inconsistent with section 3.4 of the
Plan as to short term benefits, it was long term disability benefits Mastrianni was seeking on
March 19, 2002.  Mastrianni also claims that as of March 19 his entitlement to long term
disability benefits had "vested" because the "third party administrator acting on Bayer's behalf"
had certified that he was totally disabled on March 18, 2002, prior to his termination.  Thus, for
purposes of this opinion, the Court assumes that entitlement to some disability benefits may
continue for certain employees following termination or separation from Bayer.  However, this
does not affect the Court's conclusion that Mastrianni gave up any rights he may have had to
seek long term disability benefits through signing the Separation Agreement and General Release
and receiving consideration for that act.

General Release.

On March 19, 2002, Mastrianni was notified of his employment termination and was presented with a proposed Separation Agreement and General Release ("Agreement"). He also received a letter that outlined his eligibility for benefits under the Agreement: 26 weeks of salary continuation, health insurance and other designated benefits to continue throughout the severance period, and outplacement services. The letter specifically stated that Mastrianni's participation in the disability plan would end on his "last actual day of work."

The proposed Separation Agreement recited an acknowledgment by Mastrianni that he had adequate time to review the Agreement, and advised him to discuss it with an attorney. It also provided that Mastrianni was aware that by signing the Agreement, he was "giving up any right to sue the Company, or any other legal proceedings against the company . . . for any . . . claims which he has or believes he has based upon any event which occurred before this Agreement is signed, except claims for vested pension benefits and claims which cannot legally be waived . . . ." (Agreement, p. 1).

On April 12, 2002, an attorney wrote to Bayer on behalf of Mastrianni and requested that the Agreement be modified to permit Mastrianni to seek disability benefits after he executed the Agreement. A month later, a second attorney representing Mastrianni, his current counsel, again contacted Bayer to request the same modification of the Agreement. On May 22, 2002, Bayer rejected Mastrianni's requests to modify the Agreement. The next day, Mastrianni's attorney contacted Bayer and requested once more that the Agreement be modified to carve out disability benefits, and also to request that Mastrianni be given additional two weeks to "provide for Mr. Mastrianni to make a knowing and considered decision regarding the release, in the event you do

not approve the change to the agreement . . . ."  Bayer, through its counsel, again rejected

Mastrianni's request for the carve-out for disability benefits but twice extended the time in which

Mastrianni could consider the Agreement.[3]

Mastrianni discussed the terms of the Agreement on multiple occasions with his attorney,

and on June 3, 2002, signed the Agreement.  In October 2002, Mastrianni applied for disability

benefits, which were denied.  This suit followed.


**II.     Summary Judgment Standard**

In a summary judgment motion, the burden is on the moving party to establish that there

are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of

law.  See Fed. R. Civ. P. 56;  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White

v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).   The burden of showing that no

genuine factual dispute exists rests upon the moving party.  Carlton v. Mystic Transp., Inc., 202

F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. Partnership, 22

F.3d 1219, 1223 (2d Cir. 1994)).  Once the moving party has met its burden, in order to defeat

the motion the nonmoving party must "set forth specific facts showing that there is a genuine

issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to

find in his favor.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences

in favor of the party against whom summary judgment is sought.  Anderson, 477 U.S. at 255;

_____

[3] Both parties agree that the correspondence between Bayer and Mastrianni's counsel
should be considered in evaluating the Agreement and deciding this motion.

Graham, 230 F.3d at 38.  "This remedy that precludes a trial is properly granted only when no

rational finder of fact could find in favor of the non-moving party."  Carlton, 202 F.3d at 134.

"When reasonable persons, applying the proper legal standards, could differ in their responses to

the question" raised on the basis of the evidence presented, the question must be left to the jury.

Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).


III.     **Discussion**

The issue before the Court is whether there are any genuine issues of material fact as to

whether Mastrianni knowingly and voluntarily waived his right to sue for disability benefits

under ERISA.[4]  District Courts are to apply a "totality of the circumstances" test when

considering a waiver of ERISA benefits.  Laniok v. Advisory Comm. of the Brainerd Mft. Co.

Pension Plan, 935 F.2d 1360, 1357 (2d Cir. 1991).   Also, "[t]he validity of a waiver of pension

benefits under ERISA is subject to closer scrutiny than a waiver of general contract claims."

Sharkey v. Ultramar Energy Ltd., 70 F.3d 226, 231 (2d Cir. 1995).   In Laniok, the Second

Circuit adopted the factors used in other analyses of waivers of rights under the Age

Discrimination in Employment Act.  Laniok, 935 F.2d at 1368.  The factors are "obviously not

exhaustive, and . . . the absence of a single factor is not necessarily dispositive."  Id. (internal

citations omitted).  The factors of a knowing and voluntary waiver of ERISA benefits include:

1) the plaintiff's education and business experience, 2) the amount of time the

---

[4]Mastrianni argues that the Court should also address whether or not he was "vested" in
the Plan on March 19, 2002 as to long term disability benefits.   The issue of vesting is not
dispositive, however, because regardless of whether he had a vested right to seek disability
benefits, there is no genuine issue of material fact that Mastrianni's waiver of his right to seek
disability benefits was effective.

plaintiff had possession of or access to the agreement before signing it, 3) the role of the plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, as well as whether an employer encouraged the employee to consult an attorney and whether the employee had a fair opportunity to do so and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled to by contract or law.

Id. at 1368.  Ultimately, "[t]he essential question is a pragmatic one: whether, in the totality of the circumstances, the individual's waiver of his right can be characterized as 'knowing and voluntary.'" Id.

In this case, the undisputed facts show that Mastrianni's waiver of his ERISA rights was made knowingly and voluntarily.  As to the first Laniok factor, Mastrianni was employed in Bayer's Human Resources Department.  He had previously applied for and received disability benefits, and therefore had considerable experience with Bayer's disability benefits plan.  Even when viewing the evidence in Mastrianni's favor, his education and experience counsel in Bayer's favor.

As to the second factor, there is undisputed evidence that Mastrianni had an extensive period of time to review the Agreement.  The language of the Agreement also recommended that Mastrianni take his time to consider it.  He obtained multiple extensions of time to further consider the Agreement at the request of his counsel.  This factor, therefore, also weighs in favor of Bayer.

As to the third factor, the release was drafted by Bayer.  Mastrianni attempted to participate in deciding the terms of the Agreement by requesting the specific modification of its language concerning the disability benefits.  Ultimately, his requests for modification were refused by Bayer.  Mastrianni was unsuccessful, so this factor, weighs in favor of Mastrianni.

-6-

As to the fourth factor, Mastrianni argues that he did not understand the waiver to be a denial of his long term disability benefits. However, the provisions of the Agreement and the accompanying letter are quite clear concerning disability benefits, and no evidence has been presented by Mastrianni to indicate that the terms were ambiguous to the parties. Also, the letters from his counsel to Bayer indicate that Mastrianni clearly understood the language of the Agreement. Mastrianni was represented by counsel who made sophisticated – albeit unsuccessful – attempts to modify the Agreement in order for him to maintain his claim for disability benefits. This factor also weighs in favor of Bayer.

The fifth factor is also significant here. The undisputed language of the Agreement advised Mastrianni to consult with an attorney of his choosing. Mastrianni did consult with counsel. In fact, he consulted with two separate attorneys. Both of those attorneys sought to negotiate with Bayer on Mastrianni's behalf on the precise issue in this case. Finally, Mastrianni testified in his deposition that he met with his second attorney multiple times to discuss the Agreement and this issue. This factor, therefore, weighs heavily in favor of Bayer.

As to the final factor, there is no dispute that the consideration given to Mastrianni in exchange for the waiver exceeded what he would otherwise would have received. He received an additional 26 weeks of severance pay, health benefits, and outplacement assistance. The final factor also weighs in favor of Bayer.

Considering all of these factors, there is no genuine issue of material fact that Mastrianni's waiver of his ERISA rights was made knowingly and voluntarily. He waived his right to receive disability benefits from Bayer. Summary judgment is therefore granted for Bayer.

**IV.    Conclusion**

The defendants' motion for summary judgment **[Doc. # 38 ]** is **GRANTED**, and

judgment is entered for the defendants.

SO ORDERED this ___21ˢᵗ___ day of March, 2005, at Hartford, Connecticut.


_____/s/ CFD_____

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**